**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HIRAM R. JOHNSTON, JR.,  :  |  |
| :  |  |
| Plaintiff,  : | Civil No. 10-4339 (FLW) |
| :  |  |
| v.  : | **O P I N I O N** |
| :  |  |
| N.J. STATE PAROLE BOARD  : |  |
| CHAIRPERSON, et al.,  : |  |
| :  |  |
| Defendants.  : |  |

**APPEARANCES**:

Hiram R. Johnston, Jr., Pro Se
539543
Mercer County Correctional Center
P.O. Box 8068
Trenton, NJ 08652

**WOLFSON, District Judge**

Plaintiff, confined at the Mercer County Correctional Center, Trenton, New Jersey, submitted this complaint alleging violations of constitutional rights, and seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the New Jersey State Parole Board Chairperson, Parole Officer Larkins, and Plaintiff's wife Waradah Johnston, under 42 U.S.C. § 1983, for an incident that occurred in June of 2010.  Plaintiff states that on June 16, 2010, while he was under parole supervision, his wife became angry with him because he received a call from another woman, and, as a "woman scorned," threatened to send Plaintiff back to prison.  In the next few days, she filed criminal charges against Plaintiff accusing him of terroristic threats, "after viewing 'the handwriting on the walls,' (accusing her of 'adultery')". (Complt., p. 4).  Plaintiff's wife moved out of their residence and contacted his parole officer.

On June 19, 2010, Plaintiff was arrested and taken to Burlington County Jail, presumably on the charges filed by his wife.  Bail was set, which Plaintiff was able to secure, and Plaintiff was released on June 22, 2010.  On that day, Plaintiff contacted his assigned temporary parole officer and told her of the events.  The next day, defendant parole officer Larkins called Plaintiff, and told him that she was his new officer. Defendant Larkins advised Plaintiff not to have contact with his wife, and to report to the Parole Office.  (Complt., p. 5).

At the Parole Office, Plaintiff was charged with a technical violation of failing to notify of an address change.  Plaintiff

also states that he was charged with violating the restraining order for attempting to contact his wife through a third party. His parole was revoked pending a final revocation hearing. Larkins asked Plaintiff if he had used drugs or alcohol, and Plaintiff stated that he had smoked marijuana and had some alcohol within the past few days. Plaintiff was arrested and brought to Mercer County Correctional Center.

Plaintiff argues that his wife's charges were false, and that Larkin knew they were false "because she personally persuaded Plaintiff's wife that unless she filed them[,] plaintiff's parole would not be revoked." (Complt., pp. 6-7). He argues that he was falsely arrested and that his due process rights were violated by his wife and defendant Larkins. He also contends that the Parole Board Chairperson did not adequately train defendant Larkins. He asks for monetary and other relief.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a

3

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e) and 1915A, because plaintiff is proceeding as an indigent and is a prisoner.

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

4

> discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard

set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. See Fowler, 578 F.3d at 210. Now, after Iqbal, the Third Circuit requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See, e.g., Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

6

with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

    1.   Plaintiff's Wife

Plaintiff's wife cannot be sued in an action under § 1983 because she is not a "state actor": her actions complained of were not taken under color of state law.  Therefore, she must be dismissed from this action.

    2.   Due Process

Plaintiff's claims concern his state revocation of parole. He makes no indication whether or not his parole has been revoked at a final revocation hearing, or if he has appealed any of the state rulings.  This § 1983 action for damages, however, is premature until Plaintiff has exhausted his state court remedies.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good conduct time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  See Preiser, 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical

8

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser; whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a

9

> judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. See Edwards, 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable

10

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Here, Plaintiff's request for damages must be dismissed based on the Preiser/Heck line of cases, as any § 1983 action challenging the parole decision is premature until such time as the decision has been otherwise invalidated. A determination that Plaintiff's due process rights were violated by his parole revocation would necessarily imply the invalidity of the revocation. See, e.g., Harris v. Milgram, 2010 WL 760584 (D.N.J. Mar. 2, 2010)(Kugler, J.)("[Plaintiff's] claim that his parole was revoked in violation of his constitutional rights is precisely the type of claim for damages barred by the Preiser/Heck/Balisok line of cases. A determination that he was deprived of liberty without due process would necessarily imply the invalidity of the parole revocation."). Therefore, this claim must be dismissed, without prejudice.

   3.   False Arrest

It is well-established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d

11

Cir. 1989) (citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F.Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein

v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

In this case, Plaintiff asserts that his wife had filed criminal charges against him, and that his parole officer had filed violations against him, and revoked his parole. Plaintiff admitted to smoking marijuana and drinking alcohol; a violation of his parole. Therefore, it is clear from the facts pled that any arrest was made with the required probable cause, and this claim must be dismissed, without prejudice.

    4.   Failure to Train

Plaintiff alleges that the Chairperson of the New Jersey State Parole Board should be held liable under § 1983 for failure to properly train Larkins.

Supervisors may not be held liable for failing to train unless the need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," and that failure to train "actually causes injury." City of Canton v. Harris, 489 U.S. 378, 390 (1989). In addition, in resolving the issue of supervisory liability,

> the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be

13

> unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program.... Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training .... Moreover, for liability to attach ... the identified deficiency in a city's training program must be closely related to the ultimate injury.

Id. at 390-91.

Here, Plaintiff's conclusory allegation of failure to train against the Chairperson of the Parole Board is not sufficient to suggest that a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy." City of Canton v. Harris, 489 U.S. 378, 390 (1989). Therefore, this claim will also be dismissed, without prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

A District Court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d

Cir. 2000). Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983. Thus, this Court will grant Plaintiff leave to file a motion to reopen and file an amended complaint, stating a cognizable § 1983 claim. If Plaintiff elects to file an amended complaint asserting a § 1983 claim, he should comply with the pleading requirements of <u>Iqbal</u>.

    An appropriate order follows.


                                            <u>s/Freda L. Wolfson</u>
                                            FREDA L. WOLFSON
                                            United States District Judge

Dated: February 28, 2011